UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:10-CR-132 JD |
| ) | Civil Case No. 3:12-CV-398 JD |
| FRANK E. STORK ) | |

## **OPINION AND ORDER**

On May 1, 2014, this Court denied Mr. Stork's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [DE 137]. On May 23, 2014, Mr. Stork filed the present motion under Rules 59(e) and 60(b)(4) of the Federal Rules of Civil Procedure, seeking reconsideration of this Court's order denying his § 2255 motion. [DE 142]. "Rule 59(e) allows a court to amend a judgment 'only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). This relief is unwarranted here, as Mr. Stork's motion presents no argument or newly discovered evidence that calls into question the Court's disposition of his § 2255 motion. His arguments largely rehash the arguments he already raised in his 150-plus pages of briefing on this motion, which the Court thoroughly considered, and for the reasons stated in this Court's previous order, those arguments are without merit.

Rule 60(b)(4) provides no relief, either. Mr. Stork argues that the Court should vacate its judgment because "the judgment is void." Fed. R. Civ. P. 60(b)(4). However, his argument is only that his underlying judgment of conviction is void, and that this Court erred in declining to vacate it under § 2255. Thus, besides being meritless, these arguments are not properly raised under Rule 60(b), which cannot be used "to correct errors of law made by the district court in the underlying decision which resulted in a final judgment." *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984). Mr. Stork's motion [DE 142] is therefore DENIED.

The Court reminds Mr. Stork that although it has declined to grant a certificate of appealability, he "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

SO ORDERED.

ENTERED:  June 3, 2014

                                                /s/ JON E. DEGUILIO
Judge
United States District Court