UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Nos. 3:10-CR-132 |
| | ) | 3:15-CV-389 |
| FRANK E. STORK | ) | 3:15-CV-435 |

## OPINION AND ORDER

Now before the Court is a motion by the defendant, Frank E. Stork, to vacate his sentence

pursuant to 28 U.S.C. § 2255. Mr. Stork was convicted of possessing a firearm and ammunition

as a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Mr. Stork received an increased

base offense level under the Guidelines because he had two prior convictions for crimes of

violence. One of those two prior convictions was for resisting law enforcement in a vehicle,

which, consistent with the Supreme Court's holding in *Sykes*, involves conduct that presents a

serious potential risk of physical injury to another, and thus satisfies the Guidelines' residual

clause of the definition of crime of violence. Subsequently, in *Johnson v. United States*, 135 S.

Ct. 2551 (2015), the Supreme Court held that the same residual clause in the Armed Career

Criminal Act's definition of "violent felony" was void for vagueness. Now, in his second motion

under § 2255, Mr. Stork claims that *Johnson* applies equally to the Guidelines and that, because

his advisory Guidelines range was increased based on a provision that is void for vagueness, he

was sentenced in violation of the Constitution and is entitled to collateral relief. For the

following reasons, the Court finds that Mr. Stork does not meet the statutory requirements for

filing a second or successive motion under § 2255, and thus dismisses his motion.

## I. FACTUAL BACKGROUND

Mr. Stork was indicted by a federal grand jury on October 14, 2010. The indictment

charged Mr. Stork with knowingly possessing a firearm and ammunition, having previously been

convicted of a felony. [DE 1]. The charges arose out of a traffic stop of a car in which Mr. Stork was a passenger. As an officer was standing by the driver's side window, Mr. Stork reached outside his own window and dropped a firearm magazine. Officers then removed Mr. Stork from the vehicle, at which time two rounds of ammunition fell off of Mr. Stork's lap. It was also apparent that Mr. Stork had hastily tried to hide something in the center console as the officer was approaching the car, and upon a search of the car, officers found a firearm hidden in that area that matched the magazine and ammunition. Because Mr. Stork had multiple prior felony convictions, he was arrested and charged with possessing a firearm and ammunition as a felon. The case proceeded to a jury trial, at which Mr. Stork was convicted.

At sentencing, Mr. Stork received a base offense level of 24 under the Sentencing Guidelines, pursuant to U.S.S.G. § 2K2.1(a)(2), which applies where "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Mr. Stork had prior federal convictions from 1998 for committing a violent crime in aid of racketeering activity and for using or carrying a firearm during and in relation to a crime of violence. Those convictions constituted one crime of violence for purposes of § 2K2.1(a)(2). Mr. Stork also had a conviction from 2007 for resisting law enforcement in a vehicle, which is a felony under Indiana law. In *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011), the Supreme Court held that that precise offense constituted a violent felony under the residual clause of the Armed Career Criminal Act, which defines violent felony, in part, as an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Because the Guidelines contain an identical residual clause in its definition of crime of violence, U.S.S.G. § 4B1.2(a)(2), the Court overruled an objection by Mr. Stork and found that his 2007 conviction constituted a second

prior conviction for a crime of violence, so his base offense level became 24. Mr. Stork received no other adjustments to his offense level, so his total offense level was 24. With his criminal history score of 9, Mr. Stork fell in criminal history category IV, producing an advisory sentencing range of 77 to 96 months of imprisonment. If Mr. Stork only had one prior conviction for a crime of violence, his base offense level would have been 20, U.S.S.G. § 2K2.1(a)(4)(A), which would have produced an advisory sentencing range of 51 to 63 months of imprisonment.

After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced Mr. Stork to 82 months of imprisonment. Mr. Stork appealed, but the Seventh Circuit affirmed. *United States v. Stork*, 487 F. App'x 295 (7th Cir. 2012). Mr. Stork filed a petition for a writ of certiorari, but the Supreme Court dismissed that petition at Mr. Stork's request on January 2, 2013, *Stork v. United States*, 133 S. Ct. 831 (2013), at which point the judgment became final. In the meantime, Mr. Stork had also filed a motion under 28 U.S.C. § 2255 to vacate his conviction, which this Court stayed pending conclusion of Mr. Stork's direct appeal. Once Mr. Stork's conviction became final, the Court addressed Mr. Stork's motion under § 2255 on its merits, and denied the motion. [DE 137]. Mr. Stork appealed from that judgment and sought a certificate of appealability from the Seventh Circuit, but the Seventh Circuit denied that request. *Stork v. United States*, No. 14-2530, doc. 9 (7th Cir. Nov. 18, 2014). Mr. Stork then sought permission from the Seventh Circuit to file a second or successive motion under § 2255 to raise one of the same issues raised in his first motion, and the Seventh Circuit denied that request, too. *Stork v. United States*, No. 14-3648, doc. 4 (7th Cir. Dec. 11, 2014).

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court overruled its prior decision in *Sykes*, and held that the residual clause of the definition of violent felony in the Armed Career Criminal Act was

unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Mr. Stork thereafter filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization from the Seventh Circuit to file a second or successive motion to vacate his sentence under § 2255, contending that the increase in his base offense level under the Guidelines based on language that *Johnson* held was void for vagueness meant that his sentence was imposed in violation of the Constitution. Citing its decision in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), in which it held that *Johnson* applies retroactively to cases on collateral review, the Seventh Circuit granted Mr. Stork's application and authorized this Court to consider Mr. Stork's claim. The Seventh Circuit concluded its order as follows: "We caution the district court that our review is necessarily preliminary and limited to the conclusion that Stork has made a prima facie showing of a tenable claim under *Johnson*. The district court must decide first whether *Johnson* applies to U.S.S.G. § 4B1.2(a)(2) (the residual clause of the career-offender guideline) and, if so, whether Stork is subject to the adjustment under the new rule." [DE 157]; *Stork v. United States*, No. 15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015). Mr. Stork accordingly filed his second motion under § 2255 before this Court, and also sought release pending resolution of his motion. [DE 159]. Those requests have been fully briefed, and are ripe for ruling.

## II. PRELIMINARY MATTERS

Before turning to the merits of Mr. Stork's petition, there are several preliminary matters to address relative to Mr. Stork's representation. Mr. Stork filed his § 2255 motion on August 24, 2015 on his own behalf. [DE 159]. Two days later, Matthew Soliday of the Federal Community Defenders entered an appearance on behalf of Mr. Stork pursuant to General Order 2015-15, which appointed the Federal Community Defender's Office to represent any indigent defendant in this district to determine whether that defendant may qualify for habeas relief in light of *Johnson*. The Court therefore ordered Mr. Stork to state whether he wished to proceed pro se or

to be represented by Mr. Soliday in this matter. [DE 160]. Mr. Stork responded by requesting to proceed pro se, so the Court granted Mr. Soliday's motion to withdraw. [161, 163]. Shortly thereafter, however, Jennifer Soble, also from the Federal Community Defender's Office, entered an appearance on Mr. Stork's behalf, stating that she spoke to Mr. Stork and that he asked her to represent him. Ms. Soble also filed what she titled as an amended petition, though that filing states that it does not raise any new claims not presented in Mr. Stork's initial petition. Based on that filing, the clerk's office opened a new civil case number for the amended petition, case number 3:15-cv-435.

Given Mr. Stork's conflicting requests, the Court again ordered Mr. Stork to confirm whether he wished to proceed pro se or to be represented in this matter. In response, Mr. Stork filed a Motion for Clarification [DE 173], in which he stated that he wished to proceed pro se, but that he would like Ms. Soble to present her filings as supplemental briefs in support of his petition. He also filed his own reply brief in support of his petition. Ms. Soble then filed a motion for leave to file a brief in support of Mr. Stork's petition as *amicus curiae* [DE 175], along with a motion for leave to file that brief after the deadline previously set for her reply brief [DE 174]. In the interests of justice and in order to allow the issues raised in Mr. Stork's petition to be fully presented and argued, the Court grants those motions, and has considered both Mr. Stork's and Ms. Soble's filings. In addition, consistent with Mr. Stork's request, the Court will construe Ms. Soble's amended petition [DE 168] as a supplemental brief in support of Mr. Stork's petition, rather than as an amended petition, so the Clerk is directed to close case number 3:15-cv-435 as improvidently opened.[1]

---

[1] In fact, since the filing was only an amended petition, not a new one, a new case need not have been opened at all.

### III. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Further, a "Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bousley v. United States*, 523 U.S. 614, 621 (1998) (stating that habeas review "will not be allowed to do service for an appeal"). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

### IV. DISCUSSION

Mr. Stork's sole claim in his second motion under § 2255 is that his sentence is unlawful because his advisory Guidelines sentencing range was increased based on language that the Supreme Court held in *Johnson* is unconstitutionally vague. Specifically, Mr. Stork claims that his prior conviction for resisting law enforcement in a vehicle was improperly used to increase his base offense level under U.S.S.G. § 2K2.1(a) because that conviction constituted a crime of violence only under the residual clause of that term's definition. There is no question that the prior conviction qualified as a crime of violence only under the residual clause. Therefore, the

two questions at issue in this matter, as summarized by the Seventh Circuit, are whether *Johnson* also applies to the Guidelines, and if so, whether Mr. Stork's sentence is subject to the adjustment under the new rule.

As to the first question, both parties here agree that *Johnson* should apply to the Guidelines, though it is not clear that the Court can or should hold that it does. The specific issue under consideration in *Johnson* was whether the residual clause in the definition of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2555. *Johnson* itself did not speak to whether the same clause in the definition of "crime of violence" under the Guidelines is also unlawful,[2] *see id.* at 2557, 2563 (holding that "imposing an increased sentence under the residual clause *of the Armed Career Criminal Act* violates the Constitution's guarantee of due process" (emphasis added)), nor has the Supreme Court ever addressed whether the Guidelines must comply with the Constitution's prohibition of vague criminal laws. Amicus, arguing on behalf of Mr. Stork, acknowledges that the Seventh Circuit has previously held that the Guidelines are not subject to attack under the vagueness doctrine, *e.g.*, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) ("[W]e have categorically held that 'the Guidelines are not susceptible to attack under the vagueness doctrine.'" (quoting *United States v. Brierton*, 165, F.3d 1133, 1139 (7th Cir. 1999))), but argues, with agreement from the government, that *Tichenor* should be overruled.

However, while both parties are content to have *Tichenor* overruled, neither party has offered any adequate explanation for why this Court does not remain bound to follow it until such time as that happens. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir.

---

[2] Contrary to amicus' suggestion, *Johnson's* citation to Guidelines cases as part of its discussion of the difficulty in applying the residual clause does not mean that its holding also applies to that distinct context.

2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree." (internal citations omitted)); s*ee Saban v. U.S. Dep't of Labor*, 509 F.3d 376, 378 (7th Cir. 2007) (noting that, as between the Supreme Court and lower courts, lower courts "are not to anticipate the overruling of a Supreme Court decision, but are to consider themselves bound by it until and unless *the Court* overrules it, however out of step with current trends in the relevant case law the case may be"). Since *Johnson*, the Seventh Circuit has not been squarely presented with the question of whether *Johnson* applies to the Guidelines, and thus has not yet taken the parties up on their invitation to overrule *Tichenor*.

Amicus notes that, following *Johnson*, the Supreme Court vacated and remanded decisions in cases involving vagueness challenges to the Guidelines so that those cases could be reconsidered by the lower courts, which amicus interprets as signaling the Supreme Court's views on this issue. However, those "GVR" orders have no precedential effect and do not constitute decisions on the merits. *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001) (stating that a GVR order "was not a 'final determination on the merits'"); *Texas v. United States*, 798 F.3d 1108, 1116 (D.C. Cir. 2015) ("[I]t is well-settled that a GVR has no precedential weight and does not dictate how the lower court should rule on remand."). Nor does the Supreme Court's decision in *Peugh*, which held that the Guidelines are subject to the Ex Post Facto Clause, overrule *Tichenor*. The principles underlying the Ex Post Facto Clause are distinct from those underlying the vagueness doctrine, so the conclusion that the Guidelines are subject to one does not mean they are subject to the other. *United States v. Matchett*, No. 14-10396, 2015 WL 5515439, at *8 (11th Cir. Sept. 21, 2015) ("We also reject Matchett's argument that because the Ex Post Facto Clause applies to the advisory guidelines, the vagueness doctrine of the Due Process Clause must

also apply to them. The Supreme Court has articulated different tests to determine when these doctrines apply."). Perhaps *Peugh's* reasoning will persuade the Seventh Circuit to change course, but it cannot be said that *Peugh* overrules *Tichenor*. Amicus also notes that other circuits have held that *Johnson* applies to the Guidelines. *E.g.*, *United States v. Goodwin*, No. 13-1466, 2015 WL 5167789 (10th Cir. Sept. 4, 2015). But the Seventh Circuit has not done so, and those other circuits cannot overturn the law of this circuit. Finally, the fact that the Seventh Circuit interprets the Guidelines' residual clause consistent with the Armed Career Criminal Act's residual clause is of no moment, either, as *Johnson's* holding did not rest on an interpretation of the residual clause, but on the application of a doctrine that the Seventh Circuit has expressly held does not apply to the Guidelines.[3]

The Court need not, and does not, resolve that first question, though, because Mr. Stork is not subject to adjustment under any new rule. To begin with the obvious, Mr. Stork is not subject to adjustment under *Johnson* itself. The holding in *Johnson* was that "imposing an increased sentence under the residual clause *of the Armed Career Criminal Act* violates the Constitution's guarantee of due process." 135 S. Ct. at 2563 (emphasis added). Mr. Stork was not sentenced under the Armed Career Criminal Act, which is codified at 18 U.S.C. § 924(e) and mandates a minimum term of imprisonment of 15 years; he was sentenced under 18 U.S.C. § 924(a)(2) (specifying the penalties for violations of 18 U.S.C. § 922(g)), which contains no residual clause, and which permits a term of imprisonment of up to 10 years, both before and after *Johnson*.

---

[3] As noted by amicus, several cases are currently pending before the Seventh Circuit in which the parties are asking the court to overrule *Tichenor*. However, because that question is not dispositive here, and in light of the limited time remaining on Mr. Stork's sentence, the Court does not believe that it is appropriate to stay its consideration of this matter pending the Seventh Circuit's eventual decisions in those cases.

In addition, to the extent that *Johnson's* rule can be extended to hold that increasing a defendant's advisory sentencing range under the residual clause *of the Guidelines* violates the Constitution's guarantee of due process, such a rule would not be retroactively applicable to cases on collateral review. Thus, Mr. Stork is not subject to adjustment under that rule, either. When the Supreme Court announces a new rule of constitutional law, "that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). However, under the framework initially set forth in *Teague v. Lane*, 489 U.S. 288 (1989), the new rule applies to cases on collateral review "only in limited circumstances."[4] *Schriro*, 542 U.S. at 351. If the new rule is "substantive," then it generally applies retroactively. *Id.*; *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351–52. Rules that are "procedural," though, generally do not apply retroactively, with the exception of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding," *id.* at 352 (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990)), "without which the likelihood of an accurate conviction is seriously diminished," *id.* (quoting *Teague*, 489 U.S. at 313); *see also Whorton*, 549 U.S. at 417. This latter exception is "extremely narrow," and the Supreme Court has observed that it is "unlikely that any such rules have yet to emerge." *Whorton*, 549 U.S. at 417 (internal quotations and alterations omitted).

---

[4] If a rule is not new, meaning it was in effect before the defendant's judgment became final, then it need not be retroactive in order to apply on collateral review, though in that event, a defendant may also have hurdles such as procedural default to contend with. And because Mr. Stork has already filed an unsuccessful motion under § 2255, he would be barred from raising a claim based on an old rule in a second or successive motion. 28 U.S.C. § 2255(h)(2).

Here, the parties agree that the applicable rule is new, so in order for Mr. Stork to benefit from it, it would have to be retroactively applicable on collateral review. The first step in that analysis is to determine whether the new rule is substantive or procedural. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. "A decision that modifies the elements of an offense is normally substantive rather than procedural. New elements alter the range of conduct the statute punishes, rendering some formerly unlawful conduct lawful or vice versa." *Id.* at 354. "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 353.

The new rule here, adapted from *Johnson's* holding such that it would be relevant to Mr. Stork, would be that the residual clause of the advisory Guidelines is void for vagueness. Under that new rule, Mr. Stork would not receive the 4-level increase in his base offense level due to his prior conviction for resisting law enforcement in a vehicle, so his advisory sentencing range would be 51 to 63 months instead of 77 to 96 months. However, that new rule would not place any conduct beyond the power of Congress to punish, nor would it narrow the scope of a criminal statute such that it would carry a significant risk that Mr. Stork "stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352. Mr. Stork would still be guilty of possessing a firearm as a felon, his lawful range of imprisonment under the statute would still be 0 to 10 years, and the Court could still impose the exact same term of 82 months of imprisonment that the Court imposed at Mr. Stork's first sentencing. The Court could even base that sentence in part on the facts that Mr. Stork was previously convicted of resisting law enforcement in a vehicle and that such an offense ordinarily involves conduct that presents a serious potential risk of physical injury to

another, even if those facts were not accounted for in Mr. Stork's offense level under the Guidelines. 18 U.S.C. § 3553(a)(1), (2)(C). Thus, Mr. Stork cannot argue that he "faces a punishment that the law cannot impose upon him." At most, he can argue that en route to imposing a lawful sentence, the Court used an improper procedure by considering an unlawfully vague Guideline. And while the Guidelines, though advisory, are undoubtedly influential, "procedural" is not synonymous with "harmless," so the possibility that a new rule pertaining to the calculation of the Guidelines range would affect a defendant's sentence does not make the rule substantive. *See Schriro*, 542 U.S. at 352.

Moreover, the Seventh Circuit expressly held in *Hawkins v. United States*, 724 F.3d 915, 917–18 (7th Cir. 2013) that "errors in applying the advisory guidelines are procedural," meaning that "cases reinterpreting the advisory guidelines . . . don't have retroactive application."[5] The court based this conclusion in part on the fact that the Supreme Court has referred to a failure to calculate the correct Guidelines range as a "'procedural error.'" *Id.* (quoting *Peugh*, 133 S. Ct. at 2083). It also noted that *Schriro's* description of a procedural error as one that "'merely raises the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise'" is "an exact description" of a rule altering the calculation of an advisory Guidelines range. *Id.* at 917; *see also United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014) ("*Peugh* concluded that 'failing to calculate the correct Guidelines range constitutes procedural error,' 133 S. Ct. at 2083, the kind which are generally not applied retroactively."). Therefore, the Court finds that the new rule at issue here would be a procedural rule.

---

[5] Given that language, the Court rejects amicus' argument that *Hawkins'* holding rested solely on the cognizability of the claim (which is not at issue here, as constitutional claims are cognizable on collateral review), and that *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (addressing a Guidelines error under the mandatory Guidelines) still controls the retroactivity analysis for claims under both the mandatory and advisory Guidelines sentencing regimes.

Since the rule here is procedural, it would have to constitute a watershed rule of criminal procedure in order to apply retroactively. Clearly, that is not the case. Applying the vagueness doctrine to the Guidelines would not "'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding,'" nor is such a rule "necessary to prevent 'an impermissibly large risk' of an inaccurate conviction." *Whorton*, 549 U.S. at 418 (quoting *Schriro*, 542 U.S. at 356). The only example that the Supreme Court has ever given of a rule that would meet this standard is *Gideon v. Wainwright*, 372 U.S. 335 (1963), in which it held that indigent defendants charged with felonies are entitled to appointment of counsel. The new rule here would not compare to that holding, and neither party contends otherwise. Therefore, because a new rule invalidating the residual clause of the Guidelines would be neither a substantive rule nor a watershed rule of criminal procedure, it would not apply retroactively to cases on collateral review, and thus offers Mr. Stork no relief.

Amicus attempts to short-circuit this analysis and side-step the effect of the advisory Guidelines by arguing that since the Seventh Circuit has held that *Johnson* is retroactive, it must also be retroactive in all contexts, including as to Mr. Stork, even though he was not sentenced under the Armed Career Criminal Act or under a mandatory Guidelines sentencing range. Amicus argues that the government's argument to the contrary—that *Johnson's* new rule is not retroactive when it only affects a defendant through the calculation of their advisory Guidelines sentencing range—is a novel "as applied" approach to retroactivity. However, the Court sees nothing novel about the idea that a retroactive rule must actually apply to a defendant in order to vacate that defendant's sentence under § 2255, or that the retroactivity analysis should be conducted against the rule that actually applies to the defendant.

The new rule in *Johnson* was that the residual clause of the Armed Career Criminal Act is void for vagueness. 135 S. Ct. at 2563. That rule was retroactive per *Price's* logic because it narrowed the scope of the Armed Career Criminal Act, which increases the statutory penalties to which a defendant is exposed. *Price*, 795 F.3d at 734. For example, in *Price*, the defendant was sentenced to over 20 years of imprisonment due to the application of the Armed Career Criminal Act and its mandatory minimum sentence of 15 years. *Id.* at 732. After *Johnson*, with the residual clause excised from the Act, Price could be sentenced to no more than 10 years of imprisonment, in which case his initial sentence would be unlawful. As just discussed, though, that particular rule has no application to Mr. Stork's case, as Mr. Stork was not sentenced under the Armed Career Criminal Act, and no residual clause had any effect on his lawful range of imprisonment. *Johnson* applies, if at all, by analogy, through which the resulting rule would be that the residual clause *of the Guidelines* is void for vagueness. But as also just discussed, the retroactivity analysis is quite different in that context.

Put another way, had *Johnson* addressed the residual clause of the Guidelines instead of the Armed Career Criminal Act—in which case it would be directly on point here—and held that the residual clause of the advisory Guidelines is void for vagueness, the new rule would not be retroactive, for the reasons just discussed. Thus, amicus is essentially arguing that because a new rule was announced in a distinct factual context in which it is retroactive, Mr. Stork should be in a better position than he would be in had the rule been announced in a directly applicable case. But for the Court to vacate Mr. Stork's sentence on that basis, it would have to disregard either the fact that the rule that was actually announced and that is retroactive does not apply to Mr. Stork, or the fact that, insofar as *Johnson's* logic applies to this context, the resulting rule would not be retroactive and could not justify collateral relief.

In any event, the Seventh Circuit has expressly embraced what amicus disparages as the "as applied" approach to retroactivity, holding that rules that are retroactive when they affect statutory penalties or a mandatory Guidelines range are not retroactive as to defendants sentenced under the post-*Booker* advisory Guidelines regime:

> Now that we know that errors in applying the advisory guidelines are procedural, cases reinterpreting the advisory guidelines—including *Chambers v. United States,* 555 U.S. 122, 129 S. Ct. 687, 172 L.Ed.2d 484 (2009), on which our petitioner relies for his argument that his prior offense wasn't a "violent felony"—don't have retroactive application either, though there may be exceptions (none applicable to this case): *Chambers* may still be considered "substantive" when the pre-*Chambers* understanding of "violent felony" resulted in a sentence that exceeded either the statutory maximum under the Armed Career Criminal Act, *Welch v. United States,* 604 F.3d 408, 412 and n. 5 (7th Cir. 2010), or (as in *Narvaez* ) the guidelines range when the guidelines were still mandatory. See also *Brown v. Caraway*, 719 F.3d 583, 586–88 (7th Cir. 2013).

*Hawkins*, 724 F.3d at 917–18. Accordingly, the Court rejects amicus' argument that because *Johnson* is retroactive as to defendants sentenced under the Armed Career Criminal Act, it is necessarily retroactive when its logic is extended to defendants who would only be affected through the calculation of their advisory Guidelines range.

Even if the Court were persuaded by Mr. Stork's or amicus' argument as to how the principles of retroactivity *should* be applied to the applicable rule, however, Mr. Stork's petition would still fall short. Because this is a second or successive motion under § 2255, there is an extra layer of analysis: Mr. Stork must also show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added); *see also* 28 U.S.C. § 2244(b)(4); *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). "Quite significantly, under this provision, the Supreme Court is the only entity that can 'make' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Tyler*, 533

U.S. at 663 (internal alteration omitted). As used in this context, "make" means "hold," so a new rule "is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Id.* "The Supreme Court does not 'make' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts." *Id.* (internal alteration omitted).

As explained by Justice O'Connor in her concurring opinion in *Tyler*, the "clearest instance . . . in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where we expressly have held the new rule to be retroactive in a case on collateral review and applied the rule to that case." *Id.* at 668 (O'Connor, J., concurring). Absent such a direct holding, the Supreme Court can also "make a rule retroactive over the course of two cases . . . if the holdings in those cases necessarily dictate retroactivity of the new rule." *Id.* at 666 (majority opinion); *see also id.* at 668 (O'Connor, J., concurring) ("[A] single case that expressly holds a rule to be retroactive is not a *sine qua non* for the satisfaction of this statutory provision. This Court instead may 'ma[k]e' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule."). As Justice O'Connor's concurrence explains, "[I]f we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, we can be said to have 'made' the given rule retroactive to cases on collateral review." *Id.* at 668–69 (O'Connor, J., concurring). However, the holdings of those cases must "*dictate*," "by strict logical necessity," that the rule is retroactive, "and not merely provide principles from which one *may* conclude that the rule applies retroactively." *Id.* at 669–70.

Here, the Supreme Court has never held that a rule invalidating a Guidelines provision as void for vagueness is retroactive to cases on collateral review. *Johnson* itself was decided on direct review, and the Supreme Court did not expressly hold that the new rule it announced (much less its analog at issue here) was retroactive. Thus, for Mr. Stork to meet this standard, he would have to show that, through two or more holdings, the Supreme Court has held that such a rule is of a particular type that it has already held to be retroactive. He cannot make that showing either, though. The Supreme Court has never held that a rule invalidating a Guidelines provision under the vagueness doctrine (or any other doctrine) is substantive.[6] For what it's worth, the Supreme Court repeatedly referred to the Guidelines as "procedural" in *Peugh*. 133 S. Ct. at 2080 ("Failure to calculate the correct Guidelines range constitutes procedural error, as does treating the Guidelines as mandatory."), 2083 ("Indeed, the rule that an incorrect Guidelines calculation is procedural error ensures that they remain the starting point for every sentencing calculation in the federal system."); *see also Hawkins*, 724 F.3d at 917; *Vela*, 740 F.3d at 1154. Though *Peugh* was not using that term in the context of a retroactivity analysis, the salient point is that there is no Supreme Court holding that, by strict logical necessity, shows that the rule at issue here falls in the category of substantive rules that the Supreme Court has already held to be retroactive.

Likewise, the Supreme Court has never held that such a rule constitutes a watershed rule of criminal procedure. Though it has provided *Gideon* as an example of a case that would meet this standard, the Supreme Court has never held that any new rule constitutes a watershed rule of criminal procedure, and it has noted that it is unlikely to ever do so. *Whorton*, 549 U.S. at 418

---

[6] In fact, it has never even held that the Guidelines are subject to the vagueness doctrine in the first place.

("[I]n the years since *Teague*, we have rejected every claim that a new rule satisfied the requirements for watershed status."). Therefore, absent such an express holding or holdings from the Supreme Court, Mr. Stork cannot show that his claim relies on a new rule of constitutional law that has been made retroactive to cases on collateral review "by the Supreme Court."

The Seventh Circuit's authorization for Mr. Stork to file a successive petition does not mean that he has met this standard, either. The standard that a petitioner must meet upon reaching the district court "differs from the one that applicants must satisfy in order to obtain permission from a court of appeals to file a second or successive petition." *Tyler*, 533 U.S. at 661 n.3. As the Supreme Court explained in *Tyler*, a court of appeals may authorize a successive petition if "the applicant makes a 'prima facie showing' that the application satisfies the statutory standard." *Id.* "But to survive dismissal in district court, the applicant must actually 'sho[w]' that the claim satisfies the standard." *Id.* (alteration in original). Thus, as the Seventh Circuit stated in *Price* after authorizing a successive petition, the district court "is authorized under § 2244(b)(4) to dismiss any claim that it concludes upon closer examination does not satisfy the criteria for authorization" of a successive petition. *Price*, 795 F.3d at 735; *see also Tyler*, 533 U.S. at 667 ("Because Tyler's habeas application was his second, the District Court was required to dismiss it unless Tyler showed that this Court already had made [the new rule] retroactive."); *Swanson v. United States*, No. 15-2776, doc. 5 (7th Cir. Sept. 4, 2015) (stating, in response to the government's argument that the court should not authorize a successive petition because *Johnson* does not apply to the Guidelines and would not be retroactive if it did, that "[w]e believe each contention would be better addressed by the district court after adversarial testing, which we lack the time for given the 30-day deadline for deciding application"). Accordingly, because Mr. Stork has not shown that he meets the criteria for filing a second or successive motion under

§ 2255, the Court is required to dismiss Mr. Stork's claim. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). Having resolved Mr. Stork's claim on that basis, the Court does not reach the government's argument in the alternative that the claim is barred by procedural default.

Finally, the Court denies Mr. Stork's request for release pending any further proceedings on this claim. While not expressly authorized under any statute, courts have the inherent authority to release a defendant pending resolution of a habeas petition. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The Seventh Circuit has warned, though, that such authority should "be exercised very sparingly." *Id.* Thus, a prisoner seeking release pending the conclusion of a habeas petition "must demonstrate 'not only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.'" *Morgan v. Calderone*, No. 1:07-cv-763, 2008 WL 4858387, at *1 (S.D. Ind. Nov. 10, 2008) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). As just discussed, the Court does not find that Mr. Stork has presented a substantial claim such that he could receive any relief through his present motion. Therefore, despite the limited amount of time remaining on Mr. Stork's sentence, the Court does not find that he should be released pending any further proceedings on his claim.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District

Courts. The substantial showing standard is met when "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4

(1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). A defendant is not required to

show that he will ultimately succeed on appeal. *Miller-El v. Cockrell,* 537 U.S. 322, 342 (2003)

(stating that the question is the "debatability of the underlying constitutional claim, not the

resolution of that debate").

The Court declines to issue a certificate of appealability here. It is at least arguable

whether *Johnson's* holding should apply to the Guidelines, and reasonable jurists could disagree

as to whether a vagueness challenge to the Guidelines should apply retroactively based on

existing principles of retroactivity. If this were Mr. Stork's first § 2255 motion, in which case

those would be the operative questions, a certificate of appealability would be warranted.[7] But as

discussed above, since this is Mr. Stork's second motion under § 2255, he must show an

additional element, which is that the Supreme Court itself has held that a vagueness challenge to

the Guidelines applies retroactively to cases on collateral review. As to that issue, the Court does

not believe that any reasonable jurist could identify actual holdings of the Supreme Court that, by

strict logical necessity, dictate that any rule from which Mr. Stork could benefit has already been

---

[7] The Seventh Circuit granted a certificate of appealability in *Conrad v. United States*, No. 14-3216, doc. 9 (7th Cir. Jan. 23, 2015), on a claim under *Peugh* (in the defendant's first motion under § 2255) that the Ex Post Facto Clause was violated when the defendant was sentenced pursuant to the Guidelines in effect at the time of sentencing rather than the Guidelines in effect at the time of the offense.

held to be retroactive. Because that conclusion forecloses relief on Mr. Stork's claim, a certificate of appealability is not warranted.

The Court advises Mr. Stork that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Stork that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## VI. CONCLUSION

Mr. Stork has failed to satisfy the requirements for filing a second or successive motion under § 2255. Accordingly, the Court DISMISSES Mr. Stork's motion to vacate his sentence under § 2255 [DE 159] and DENIES his request for release from imprisonment pending the conclusion of any proceedings under § 2255. The Court also DENIES the issuance of a certificate of appealability on Mr. Stork's claim. The Clerk is DIRECTED to enter judgment accordingly in case numbers 3:10-CR-132 and 3:15-CV-389. The Court GRANTS Mr. Stork's motion for clarification [DE 173] and Ms. Soble's motions for leave to file an amicus brief [DE 175] and for leave to file that brief after the deadline [DE 174]. Finally, the Court construes the amended petition filed by Ms. Soble [DE 168] as a brief in support of Mr. Stork's petition instead of as an amended petition, and DIRECTS the Clerk to close case number 3:15-CV-435 as improvidently opened.

SO ORDERED.

ENTERED:  December 4, 2015

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court